IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
|     HOME DESIGNS UNLIMITED, LLC, | : |
| | : CASE NO. 1-18-bk-00444-HWV |
|     Debtor | : |
| | : |
| MARKIAN R. SLOBODIAN, Trustee for the | : |
|   Bankruptcy Estate of Home Designs Unlimited, LLC, | : |
|     Plaintiff | : |
|     v. | : ADVERSARY NO. |
| | : |
| R.M. DECKER CONSTRUCTION, LLC, | : |
|     Defendant | : |

## COMPLAINT

**NOW COMES,** Markian R. Slobodian, Trustee for the above-referenced Chapter 7 Bankruptcy Case, and hereby brings the following Complaint ("Complaint") against R.M. Decker Construction, LLC ("Defendant" or "Decker"), to avoid and recover a preferential transfer of an interest in personal property of the Debtor to or for the benefit of a creditor pursuant to Sections 547(b) and 550 of the Bankruptcy Code. In support of this Complaint, the Trustee states as follows:

1. Markian R. Slobodian is the duly appointed Chapter 7 Bankruptcy Trustee in the above-referenced case.

2. On February 2, 2018 (the "Petition Date"), Home Designs Unlimited, LLC ("Home Designs" or Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

## STATEMENT OF JURISDICTION

3. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1334, 28 U.S.C. §157 (b)(2)(F) (Core Proceeding), and 11 U.S.C. §§547 and 550.

## STATEMENT OF CONSENT TO FINAL ORDERS AND JUDGMENT

4. Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

## PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

### A. TRANSFERS OF DEBTOR'S PROPERTY

5. The Trustee incorporates by reference the allegations of paragraphs 1 through 4 of this Complaint.

6. During the time period commencing approximately May 1, 2017 and continuing through approximately August 25, 2017 (the "Purchase Period"), Home Design ordered certain products or materials (the "Products") from Defendant.

7. During the Purchase Period, Defendant shipped the Products to Home Design and issued invoices to Home Design (the "Invoices"). True and correct copies of the Invoices or corresponding credit memos are attached hereto as Exhibit "A".

8. Pursuant to the terms of the Invoices, the Debtor became obligated to pay Defendant certain agreed sums of money in connection with Home Design's purchase of the Products. The amount of the obligation totaled or exceeded no less than approximately $17,915.38 (the "Obligation").

9. On or about December 4, 2017, Home Designs, by check number 14236, made a payment to Defendant totaling approximately $5,700.00 for invoices numbered 58, 62, 66, and 65 dated May 1, 2017, May 15, 2017, May 22, 2017, and May 22, 2017 respectively. On or about December 21, 2017, Home Designs, by check number 14273, made a payment to Defendant totaling $4,561.72 for invoices numbered 64, 67, 68, and 69 dated May 22, 2017, May 24, 2017, May 24, 2017, and June 7, 2017 respectively. On December 29, 2017, Home Designs, by check number 14285, made a payment totaling approximately $2,300.00 for invoices numbered 71, 70,

2

and 72 dated June 19, 2017, June 19, 2017, and June 23, 2017 respectively. On or about January 19, 2018, Home Designs, by check number 14321, made a payment totaling approximately $5,353,66 for invoices numbered 73 through 95 dated between June 23, 2017 and August 25, 2017 respectively. The payments set forth in this paragraph, which total $17,915.38, are hereinafter referred to as the "Payments." The dates and amounts of each of the Payments are also set forth in the Debtor's check copies and payment stamps (the "Payment Stamps") contained on the Debtor's copies of the Invoices (the "Invoices"), true and correct copies of which are attached hereto and made a part hereof as Exhibit "A".

    10. The Payments were made to satisfy Defendant's Invoices identified in paragraph 9 of this Complaint

    11. Section 547(b) of the Bankruptcy Code, 11 U.S.C. §547(b) allows the Trustee to recover any transfer of an interest of the debtor in property-

    1) to or for the benefit of a creditor;

    2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    3) made while the debtor was insolvent;

    4) made-
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    5) that enables such creditor to receive more than such creditor would receive if-
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) Such creditor received payment of such debt to the extent provided by the provisions of this title.

12. Section 547(f) of the Bankruptcy Code states that: "for the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

13. Section 550(a) of the Bankruptcy Code allows the Trustee to recover for the benefit of Debtor's Bankruptcy estate the property transferred or the value of the property transferred with regard to any and all transfers that the Trustee has avoided under certain sections of the Code including, specifically, section 547.

14. During the period commencing on or about November 2, 2017 and continuing through on or about February 1, 2018, Debtor made certain payments to Defendant from its general operating account, including, but not necessarily limited to the Payments specifically identified in this Complaint (the "Transfers").

15. The Transfers were made during the 90 day period preceding the Petition Date.

16. The Transfers were made from property of the Debtor and/or from property in which Debtor had an interest, including, specifically, Debtor's operating account.

17. The Transfers were made on account of the Obligations which existed as of December 4, 2017, or at such later times as Debtor became contractually obligated pursuant to the Invoices to remit funds to Defendant. In each case Debtor's duty to make payment to Defendant preceded the date the payments set forth in Payment Stamps, as summarized in this Complaint, were made. Accordingly, each of the Transfers were on account of a pre-existing obligation owed by the Debtor before the Transfer was made.

### B. DEBTOR'S INSOLVENCY

18. At the time of and as a result of the Transfers, all of Debtor's assets were fully encumbered by its secured creditors.

19. As evidenced by Debtor's Bankruptcy Schedules and proofs of claim filed with the Bankruptcy Court, at the time of the Transfers Debtor had assets valued at no more than $68,881.24 and had debts exceeding 1.6 million dollars.

20. At the time of and as a result of the Transfers, Debtor's liabilities exceeded the value of its assets.

21. At the time of and as a result of the Transfers, Debtor was insolvent.

### C. DEFENDANT'S PREFERENTIAL TREATMENT

22. At the time the Transfers were made, Defendant had a claim against Home Designs in connection with the Obligation as evidenced by unpaid Invoices, including, specifically the invoices identified in this complaint (the "Claim").

23. The Claim is a general unsecured, pre-petition claim for Product allegedly delivered.

24. Defendant is a general unsecured creditor of the Debtor and was a general unsecured creditor at the time the Transfers were made.

25. The amount of assets the Trustee can liquidate and/or recover in this case will not allow him to make a 100% distribution to general unsecured creditors.

26. It is unlikely that creditors in this case will receive a 100% distribution upon liquidation by the Trustee or that Defendant would have received a 100% distribution in this Chapter 7 case.

27. The Transfers to Defendant allowed Defendant to receive a 100% distribution with regard to the Obligation or a portion of the Obligation.

28. The Transfers to Defendant allowed Defendant to receive a higher percentage than it would have received in this Chapter 7 case if the Transfers had not been made and Defendant had instead received a distribution from the Trustee with regard to the Obligation.

5

29. Defendant benefitted from the Transfers by receiving money it would not otherwise have received had the Transfers not been made and Defendant received a pro-rata distribution from the Trustee.

30. Pursuant to section 547(b) of the Bankruptcy Code, the Trustee is entitled to avoid the Transfers to Defendant during the 90 day period preceding the Petition Date.

31. The Transfers to Defendant during the 90 day period preceding the Petition Date are recoverable by the Trustee pursuant to sections 547 and 550 of the Bankruptcy Code.

**WHEREFORE**, the Trustee requests that this Court enter an Order

a) avoiding the Transfers,

b) allowing the Trustee to recover from Defendant the amount and/or value of the Transfers,

c) entering judgment in the Trustee's favor and against Defendant in the amount of no less than $17,915.38 plus costs of suit, and

d) granting the Trustee such further relief as the Court deems necessary and just.

Respectfully submitted,

**LAW OFFICES OF MARKIAN R. SLOBODIAN**

/s/ Markian R. Slobodian

_____
**MARKIAN R. SLOBODIAN, ESQ.**
801 North Second Street
Harrisburg, PA 17102
(717) 232-5180

Attorneys for Trustee

Dated: 1/30/2020

6

Case 1:20-ap-00011-HWV    Doc 1    Filed 01/30/20    Entered 01/30/20 16:30:59    Desc
Main Document    Page 6 of 6